# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**BALLINROBE DEVELOPMENT, INC. et al.,**<br><br>Defendants. | Docket No.: 17-cv-1294<br><br><br>**OPINION** |

## WILLIAM J. MARTINI, U.S.D.J.:

Plaintiff brings this action pursuant to the Communication Act of 1934 for unauthorized interception and television broadcast of an Ultimate Fighting Championship ("UFC") event. 47 U.S.C. § 605. The matter comes before the Court on Plaintiff's unopposed motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2). The motion is **GRANTED** and Plaintiff is awarded $4,855 in damages, inclusive of attorneys' fees and costs, pursuant to the Judgment and Order accompanying this opinion.

### I.  BACKGROUND

Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") is a closed-circuit distributor of sports and entertainment programming. Aff. of J. Hand ("Hand Aff.") ¶ 3, ECF No. 7-3. Plaintiff contracted with non-party Zuffa LLC d/b/a Ultimate Fighting Championship for the exclusive right to sublicense the exhibition of the television broadcast, "*UFC 189: Mendes v. McGregor,*" scheduled for July 11, 2015. Hand Aff. at ¶ 3; Distributorship Agreement, ECF No. 7-5.[1] Plaintiff entered into subsequent sublicense agreements with commercial establishments in New Jersey to exhibit the Program to their patrons. Complaint at ¶ 9. Plaintiff charged commercial customers a fee based on the maximum fire code capacity of the establishment. Hand Aff. at ¶ 7. Plaintiff hires auditors and law enforcement personnel to identify signal pirates. *Id.* at ¶¶ 4-6. To ensure that auditors only

---

[1] The Program originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal. Complaint at ¶ 8.

1

visit illegal locations, Plaintiff distributed to auditors a list of customers who paid the required fee to exhibit the Program. *Id.* at ¶ 6.

Defendants Ballinrobe Development, Inc. and Art O'Neill own and operate Art O'Neill's Pub ("Bar"), located in North Arlington, New Jersey. Complaint at ¶ 2. From 11 P.M. to 11:20 P.M. on July 11, 2015, Plaintiff's investigator observed the Program being displayed on one television in the back of the Bar. Aff. of G. Castillo ("Castillo Aff.") ¶ 3, ECF 7-2. Defendants had not paid Plaintiff a fee to display the fight. *Id.* at ¶ 8. The investigator estimated that the maximum fire code capacity of the Bar was 45 people, and he observed approximately 30 people in the Bar while he was there. *Id.* at ¶ 6.

Plaintiff commenced this action on February 24, 2017. ECF No. 1. Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Rule 55(a), the Clerk entered a default against Defendants on April 18, 2017. ECF No. 6. Plaintiff filed the instant motion for default judgment on April 26, 2017. ECF No. 7. No opposition has been filed. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings this civil action pursuant to 47 U.S.C. § 605.

## II.  LEGAL STANDARD

To enter a default judgment, the Court must first determine whether Plaintiff states a sufficient cause of action, taking as true the factual allegations of the Complaint. *See Chanel, Inc. v. Gordashevsky*, 558 F.Supp.2d 532, 535–36 (D.N.J. 2008). Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default. *Joe Hand Promotions, Inc. v. Waldron*, 2013 WL 1007398, at *4 (D.N.J. Mar.13, 2013) (citing *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008); *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)). Although the facts pled in the Complaint are accepted as true, Plaintiff must prove damages. *See Comdyne I*, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990).

## III.  DISCUSSION

### A. Liability

Section 605 prohibits wireless interception of proprietary communications. *See J & J Sports Productions, Inc. v. Castro*, No. 14–cv–557, 2015 WL 389381 at *2 (D.N.J. Jan. 28, 2015); *Joe Hand Promotions, Inc. v. Cerreto*, No. 13-cv-7647, 2014 WL 4612101 at *2 (D.N.J. Sept 15, 2014). Relief under § 605 for the unauthorized interception and broadcast of television programming requires a showing that defendant "(1) intercepted a broadcast; (2) [was] not authorized to intercept the broadcast; and (3) showed the broadcast to others." *Waldron*, 2013 WL 1007398, at *3 (*quoting J & J Sports Productions, Inc. v. Edrington*, No. 10–3789, 2012 WL 525970 at *2 (D.N.J. Feb. 16, 2012)).

Plaintiff properly alleges each of these elements. The Complaint alleges that Defendants intercepted the Broadcast and exhibited the Broadcast to their patrons. *See* Complaint at ¶¶ 11-12. Plaintiff's investigator observed the Program being exhibited to Defendants' patrons. Castillo Aff. at ¶ 4. The Complaint also states and Plaintiff's President swore that Plaintiff possessed commercial exhibition rights to the "*UFC 189: Mendes v. McGregor*" broadcast. *Id.* at ¶ 1; Hand Aff. ¶ 3. Further, Plaintiff's President swore that the Program cannot be intercepted unless such interception was willful. Hand Aff. at ¶ 9. This evidence satisfies the elements of a Section 605 claim.

### B. Appropriateness of Default Judgment

Having established a cause of action, the Court now makes factual findings as to: (1) whether the party subject to default has a litigable defense; (2) the prejudice suffered by the party seeking default; and (3) the culpability of the party subject to default. *Waldron*, 2013 WL 1007398, at *4 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). First, no evidence indicates that Defendants have any defense to Plaintiff's allegations that Defendants displayed the Program to patrons without contracting for rights to do so. Second, Plaintiff suffers prejudice if it does not receive a default judgment because it cannot otherwise vindicate its claim against the defaulting parties. *Id*. Third, Defendants' failure to respond creates a presumption of culpability. *Id*. A default judgment is appropriate.

### C. Damages

Plaintiff seeks $5,000 in statutory damages and $20,000 in enhanced damages. Under Section 605, a private party "aggrieved" by the unauthorized reception of communications may be awarded statutory damages, ranging from $1,000 to $10,000, as the court "considers just" under the circumstances. 47 U.S.C. § 605(e)(3)(C)(i)(II). Additionally, if the unauthorized reception of the communications was done "willfully and for the purposes of direct or indirect commercial advantage or private financial gain," the court has discretion to award "enhanced damages," increasing the range to $100,000. *See* 47 U.S.C. § 605(e)(3)(C)(ii). No hearing is necessary. *See Waldron*, 2013 WL 1007398, at *4.

#### 1. Statutory Damages

Although Plaintiff requests $5,000 in statutory damages, courts in this district generally award statutory damages that approximate actual damages. *See, e.g., Joe Hand Promotions, Inc. v. Candelera Assoc. LLC*, No. 16-9177, 2017 WL 2304646 at *2 (D.N.J. May 25, 2017); *Premium Sports, Inc. v. Silva*, No. 15-1071, 2016 WL 223702 at *2 (D.N.J. Jan. 19, 2016); *Castro*, 2015 WL 389381 at *2; *Cerreto*, 2014 WL 4612101 at *4; *Waldron*, 2013 WL 1007398 at *6-7. Here, Plaintiff alleges that it was damaged by its lost sublicense fee. The investigator estimated that the establishment could hold approximately 45 people. Castillo Aff. at ¶ 6. According to Plaintiff's rate card, the sublicense fee for an establishment with a capacity of under 50 people is $900. Rate Card, ECF No. 7-4.

3

Plaintiff also alleges damages for loss of goodwill. This Court addressed similar violations in *Cerreto* and *Castro*, each involving the pirating of a broadcast by a New Jersey sports bar. *See Castro*, 2015 WL 389381 at *1; *Cerreto*, 2014 WL 4612101 at *1. In both cases, the Court estimated damages for loss of good will by assuming that the defendant's actions would encourage at least one additional establishment of a similar size to pirate a broadcast. *Id.* at *4; *Cerreto*, 2014 WL 4612101 at *5. Using this same logic, the Court awards Plaintiff an additional $900, bringing the total amount of statutory damages to $1,800.

2. Enhanced Damages

In addition to statutory damages, Plaintiff requests $20,000 in "enhanced damages." Courts may award "enhanced damages" where the unauthorized reception of a broadcast was done "willfully and for the purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Where the defendants' conduct is "so egregious," it may justify a substantial award of enhanced damages. *Waldron*, 2013 WL 1007398 at *8.

Here, there is no evidence that Defendants had previously intercepted and exhibited unauthorized broadcasts, charged a premium on food or drink, or advertised the event. Nor did they collect a cover charge. Castillo Aff. at ¶ 2. Nevertheless, the interception was willful and done for the purposes of private financial gain. In order to "deter future violations by these and similarly situated parties," the Court awards $900 in enhanced damages. *Waldron*, 2013 WL 1007398 at *8.

### D. Attorneys' Fees and Costs

Section 605 provides for attorneys' fees and costs for the aggrieved party. 47 U.S.C. § 605(e)(3)(B)(iii). In this case, the costs include $400 to file the lawsuit, $255 to effectuate service, and $1,500 in attorneys' fees, generated by six hours of work at an hourly rate of $250. Janis Decl. at ¶¶ 7–9. Altogether, costs and fees amount to $2,155. The Court finds this amount reasonable.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **GRANTED**. Pursuant to the accompanying Judgment and Order, Defendants shall pay Plaintiff $4,855, consisting of $1,800 in statutory damages, $900 in enhanced damages, and $2,155 in fees and costs.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**June 20, 2017**